UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NICK C. BIGSBY,                         )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )   Case No. 1:16-cv-00288-TWP-MPB
                                        )
DAVOL INC.,                             )
                                        )
                    Defendant.          )

**ENTRY ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S
MOTION FOR LEAVE TO FILE BELATED AMENDED COMPLAINT**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) by Defendant Davol Inc. ("Davol") (Filing No. 20), and a Motion for

Leave to File a Belated Motion to Amend Complaint by *pro se* Plaintiff Nick C. Bigsby ("Bigsby")

(Filing No. 29).  Bigsby is an inmate at the Pendleton Correctional Facility in Pendleton, Indiana

("Pendleton").  While in custody at Pendleton, Bigsby suffered from a hernia, and after undergoing

three separate surgeries in 2013, 2014, and 2015, he continues to suffer pain because of his hernia.

He initiated this lawsuit against Davol, asserting that Davol's "hernia patch kits" are defective.

Davol moved to dismiss Bigsby's Complaint on the basis that it fails to allege a sufficient factual

basis to support any legal claims for relief.  After Davol filed its Motion to Dismiss, Bigsby filed

his Motion for Leave to File a Belated Motion to Amend Complaint, seeking to add numerous

defendants to this litigation.  For the following reasons, the Court **GRANTS** Davol's Motion to

Dismiss and **DENIES** Bigsby's Motion for Leave to File a Belated Motion to Amend Complaint.

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint

that has failed to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When

deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations

in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*,

550 F.3d 632, 633 (7th Cir. 2008).  However, courts "are not obliged to accept as true legal

conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir.

2002).

The complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007), the Supreme Court explained that the complaint must allege facts that are "enough

to raise a right to relief above the speculative level". *Twombly,* 550 U.S. at 555. Although "detailed

factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of

the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*,

581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements

of a claim without factual support").  The allegations must "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Stated differently,

the complaint must include "enough facts to state a claim to relief that is plausible on its face."

*Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).

To be facially plausible, the complaint must allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance
> with procedural rules.  [T]he Supreme Court has never suggested that procedural

rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.]  Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)."  After a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. Pro. 15(a)(2).  The Rule, however, "do[es] not mandate that leave be granted in every case.  In particular, a district court may deny a plaintiff leave to amend his complaint if there is undue delay, bad faith[,] or dilatory motive . . . [, or] undue prejudice . . . , [or] futility of amendment."  *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (citation and quotation marks omitted).  "Whether to grant or deny leave to amend is within the district court's discretion."  *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

## II.   BACKGROUND

Bigsby is an inmate at the Pendleton Correctional Facility in Pendleton, Indiana. While in custody at Pendleton, Bigsby suffered from a hernia.  Bigsby was examined by various medical providers and then underwent three separate surgeries at St. Vincent Anderson Regional Hospital on April 16, 2013, July 14, 2014, and March 12, 2015, to address the hernia.  During the first surgery, a Ventrio Hernia Patch was implanted in Bigsby.  During the second and third surgeries,

3

a Ventralex Hernia Patch was implanted.  Each of these hernia patch kits was manufactured by Davol.

Following each of the surgeries, Bigsby continued to suffer pain from the hernia and experienced infections.  He alleges that each hernia patch kit came loose, eroded, or had holes forming in it, and it would become defective within four months after each surgery.  Bigsby asserts that he suffers great pain and internal bleeding because of malfunctions of the hernia patch kits.  To address the discomfort and pain, Bigsby pushes his intestines back into his abdomen when the hernia flares up.

Bigsby filed his Complaint against Davol on January 29, 2016, in the Madison Circuit Court, asserting that Davol's hernia patch kits are defective (Filing No. 1-2 at 7–10).  On February 3, 2016, Davol timely removed the case to this Court based on diversity jurisdiction (Filing No. 1).  Davol then promptly filed its Motion to Dismiss on March 9, 2016 (Filing No. 20).  The Court set an April 27, 2016 deadline for amending pleadings, including adding new parties (Filing No. 17 at 2).  The parties participated in an initial status conference on April 11, 2016, and the Court extended the deadline to file motions to amend the pleadings to May 27, 2016 (Filing No. 27).  On June 1, 2016, Bigsby filed his Motion for Leave to File a Belated Motion to Amend Complaint, explaining that his motion was untimely filed because the jail where he is housed was on lockdown, and he was not given access to a computer to file his motion until after the filing deadline passed (Filing No. 29).

### III.  DISCUSSION

Davol asks the Court to dismiss Bigsby's Complaint because it fails to allege a sufficient factual basis to support any legal claims for relief, thereby failing to meet the pleading standard set by *Twombly* and *Iqbal*.  Bigsby asks the Court for leave to file his belated Motion to Amend

4

Complaint, seeking to add numerous defendants to this litigation. The Court will address each motion in turn.

A.      **Motion to Dismiss**

In support of its Motion to Dismiss, Davol explains that Bigsby alleges a claim arising from the implantation of three different synthetic hernia patches: a Ventrio Hernia Patch on April 16, 2013, a Ventralex Hernia Patch on July 14, 2014, and a Ventralex Hernia Patch on March 12, 2015. Davol then asserts that Bigsby's Complaint is devoid of any facts that allege a particular defect in the design, manufacture, or warnings associated with any of the hernia patch kits used in Bigsby's surgical procedures. Davol also argues that the Complaint lacks any explanation as to how any defect caused his unidentified injuries. The Complaint merely asserts conclusory and speculative allegations of defect and causation, which are not sufficient to survive dismissal.

More specifically, Davol explains that Bigsby's Complaint contains nothing more than a bare set of generic conclusions that purportedly support his product liability claim. "For example, Plaintiff alleges that there were 'malfunctions' and the hernia patches 'would defect.' These conclusory allegations are devoid of any factual content that identifies the alleged design or manufacturing defect applicable to Plaintiff's hernia patches or how any alleged defect in it caused Plaintiff's injury." (Filing No. 21 at 4.) Additionally, Davol points out that "Plaintiff alleges no facts about what Davol's warnings for the product were, how they were inadequate, or how any such inadequacy caused the unidentified implanting surgeon to use the product." *Id.*

Davol asserts that the Indiana Product Liability Act applies to this action, pointing to *Stegemoller v. ACandS, Inc.*, 767 N.E.2d 974, 975 (Ind. 2002) ("The Act governs actions by users or consumers against manufacturers or sellers for physical harm caused by products.").

> A plaintiff bringing an action under the Act must establish that (1) he or she was
> harmed by a product; (2) the product was sold in a defective condition unreasonably

dangerous to any user or consumer; (3) the plaintiff was a foreseeable user or consumer; (4) the defendant was in the business of selling the product; and (5) the product reached the consumer or user in the condition it was sold.

*Bourne v. Marty Gilman, Inc.*, 452 F.3d 632, 635 (7th Cir. 2006) (citation and quotation marks omitted). Davol argues that Bigsby's Complaint is devoid of any non-conclusory factual allegations to support a product liability claim.

In response to the Motion to Dismiss, Bigsby asserts that the Court should deny the Motion because Davol filed it late. Bigsby asserts that the Complaint was filed on January 29, 2016, and thus, Davol should have filed an answer or its Motion by February 22, 2016. Bigsby also points to Indiana's constitutional protections of open courts and remedies by due course of law, as well as the doctrine of *res judicata* and that such doctrine does not bar this action.

Davol replies that its Motion to Dismiss was timely filed because this case was removed on February 3, 2016, so its deadline to answer or otherwise respond was February 10, 2016, Fed. R. Civ. Pro. 81(c)(2)(C), and with the initial enlargement of time, March 9, 2016 was the deadline to file the Motion to Dismiss. Davol also asserts that Bigsby's arguments regarding *res judicata* and Indiana's constitutional protections are not relevant because those issues are not before the Court on the Motion to Dismiss.

Davol is correct regarding calculation of their deadline to respond and the Court finds that the motion to dismiss was timely filed. Moreover, a review of Bigsby's Complaint reveals that the allegations consist of mere labels and unsupported conclusions of fact. The Complaint does not contain a sufficient factual basis to give Davol fair notice of what the claim is and the grounds upon which it rests, nor does it allow the Court to draw any reasonable inference that Davol is liable for the misconduct alleged.

Bigsby's Complaint simply concludes that "after each surgery Plaintiff had complication [sic] with hernia mesh patch kits either coming aloose, errodding [sic] and holes forming in them." (Filing No. 1-2 at 7.) The "errodding [sic] of mesh kit/patch caus[ed] great pain coming from infected areas," and that the "hernia patch kits would defect within four (4) months after each installation/surgery." *Id.* at 8. Bigsby also alleges that "the hernia repair kit repaired in 2015 has malfunctioned and plaintiff is experiencing great pain in his lower right abdominal area." *Id.* at 9. These allegations are intermingled with a few other allegations regarding lung damage, a heart attack, and refusal by medical professionals to provide additional medical care.

As Davol has correctly asserted, the Complaint fails to provide the necessary factual basis to support a claim for relief under the Indiana Product Liability Act or any other legally cognizable claim. The allegations provide only conclusory claims, leaving the Court and Davol to speculate regarding a right to relief. Without the necessary factual support in the pleadings, Bigsby's action cannot proceed.

Therefore, the Court **GRANTS** Davol's Motion to Dismiss Bigsby's Complaint (Filing No. 20). However, because it may be possible that Bigsby might have a viable claim under some set of facts that have not been sufficiently alleged, Bigsby's Complaint is **dismissed without prejudice**. Bigsby is granted **thirty (30) days** from the date of this Order to file an amended complaint, asserting with sufficient factual support his specific causes of action against Davol.

**B.**     **Motion for Leave to File a Belated Motion to Amend Complaint**

Bigsby asks the Court for leave to file a Belated Motion to Amend Complaint (Filing No. 29), seeking to add six defendants to this litigation and to attach nearly two hundred pages of exhibits to the Complaint. He explains that his motion was untimely filed because the jail where he is housed was on lockdown, the jail's law library was closed, and he was not given access to a

computer to file his motion until after the filing deadline passed. He attached to his Motion a proposed Amended Complaint, which adds as defendants the Indiana Department of Correction, Corizen LLC, Dr. Wolfe, Dr. Paul Talbot, Dr. Andrew Ritchison, and Dr. Khalil Wakim.

Bigsby's proposed Amended Complaint adds numerous allegations against the prison doctors, the doctors at St. Vincent Anderson Regional Hospital, the Department of Correction, and Corizen. However, the proposed Amended Complaint contains even less allegations regarding any potential claims against Defendant Davol than the original Complaint.

Bigsby's allegation that most closely asserts a claim against Davol comes in the form of an unsupported factual conclusion: "That the Davol defendant failed to inform the plaintiff of the defects of their hernia patch kit products named in this action." (Filing No. 29-1 at 3.)

The proposed Amended Complaint states that Davol's hernia patch kits were used during the surgeries, but the "hernia had not healed and [Bigsby] was still going through great pain" within four months of the surgery. (Filing No. 29-1 at 5.) In his original Complaint, Bigsby alleged that the hernia patch kit malfunctioned or became defective within four months of the surgery.

Bigsby alleges that, during the second and third surgeries, the doctors noted that the hernia patch kits were torn, had moved or eroded, or came loose. *Id.* at 6–7. He further alleges that he "feels something was done wrong at his last hernia surgery. Problems didn't start until last surgery hernia." *Id.* at 9. Bigsby asserts many allegations regarding refusal of medical treatment and again asserts allegations regarding suffering a heart attack and the improper care for his heart attack.

Bigsby's proposed Amended Complaint seems to assert claims for civil rights violations and medical malpractice against the Indiana Department of Correction, Corizen LLC, Dr. Wolfe, Dr. Paul Talbot, Dr. Andrew Ritchison, and Dr. Khalil Wakim, rather than a claim for product liability against Davol.

Davol responds to Bigsby's Motion for Leave to File a Belated Motion to Amend Complaint by asserting that it should be denied outright based on its untimeliness and Davol's inability to verify any of the facts relied upon by Bigsby to justify the untimeliness. Davol advances other arguments, most of which relate to the concept of futility, to oppose the Motion.

A proposed amendment to a complaint is futile when "it sets forth facts or legal theories that are redundant, immaterial, or unresponsive." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002). While leave to amend pleadings should be freely given when justice so requires, the Seventh Circuit has recognized that leave can be legitimately denied where amendment would be futile. *McGee v. Kerr-Hickman Chrysler Plymouth*, 93 F.3d 380, 385 (7th Cir. 1996).

Bigsby's proposed Amended Complaint is futile because it does not cure the deficiencies of his original Complaint. In fact, the proposed Amended Complaint is even more deficient regarding any claims against Davol than the original Complaint. While Bigsby attached nearly two hundred pages of exhibits to the proposed Amended Complaint, the Court should not have to search through hundreds of pages of exhibits to determine whether a plaintiff has a claim for legal relief. Bigsby needs to allege in the body of his amended complaint the facts supporting his claims for relief. Because the proposed Amended Complaint is futile by failing to address the deficiencies in the original Complaint, the Court **DENIES** Bigsby's Motion for Leave to File a Belated Motion to Amend Complaint (Filing No. 29). However, as noted above, the Court grants Bigsby leave to file a new proposed amended complaint to allow him an opportunity to cure the deficiencies regarding potential claims against Davol. In drafting a new amended complaint, it would be prudent if Bigsby were to consider curing the defects detailed in paragraph A of this Entry.

## IV.   CONCLUSION

For the foregoing reasons, Davol's Motion to Dismiss (Filing No. 20) is **GRANTED**, and

Bigsby's Motion for Leave to File a Belated Motion to Amend Complaint (Filing No. 29) is

**DENIED**.  Because it may be possible that Bigsby might have a viable claim under some set of

facts that have not been sufficiently alleged, Bigsby's *pro se* Complaint is **dismissed without**

**prejudice**. Bigsby is granted **thirty (30) days** from the date of this Order to file a new proposed

amended complaint.


   **SO ORDERED.**


Date: 12/20/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Nick C. Bigsby, #915268
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064