UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICK C. BIGSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00288-TWP-MPB |
| | ) | |
| DAVOL INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

This matter is before the Court on Defendant Davol Inc.'s ("Davol") Motion to Dismiss *pro se* Plaintiff Nick Bigsby's ("Bigsby") Amended Complaint filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b) ([Filing No. 48](#)). After undergoing three separate surgeries in 2013, 2014, and 2015 to treat a hernia, Bigsby continued to suffer pain, so he initiated this lawsuit against Davol, alleging that Davol's "hernia patch kits" are defective. Davol moved to dismiss Bigsby's complaint on the basis that it failed to allege a sufficient factual basis to support any legal claims for relief. The Court granted Davol's first motion to dismiss and granted Bigsby thirty days to file a new proposed amended complaint ([Filing No. 45](#)). After Bigsby filed his Amended Complaint ([Filing No. 47](#)), Davol filed the pending Motion to Dismiss, asserting that the Amended Complaint suffers the same deficiencies as the original complaint. For the following reasons, the Court **GRANTS** Davol's Motion to Dismiss.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations

in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Under Federal Rule of Civil Procedure 41(b), an action or claim may be dismissed with prejudice where a plaintiff fails to comply with the federal rules or with court orders. *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000) ("dismissal may be with prejudice under Rule 41(b), which covers failure of the plaintiff to prosecute or to comply with these rules or any order of court").

The Court notes, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court also notes:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

> [E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. We will not do his research for him.

*Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (citations and quotation marks omitted).

## II. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of Bigsby as the non-moving party. *See Bielanski*, 550 F.3d at 633.

Bigsby is an inmate at the Pendleton Correctional Facility ("Pendleton"). While in custody at Pendleton, Bigsby suffered from a hernia. He was examined by various medical providers and underwent three separate surgeries at St. Vincent Anderson Regional Hospital on April 16, 2013, July 14, 2014, and March 12, 2015, to address the hernia. During the first surgery, a Ventrio

3

Hernia Patch was implanted in Bigsby. During the second and third surgeries, a Ventralex Hernia Patch was implanted. Each of these hernia patch kits was manufactured by Davol.

Following each of the surgeries, Bigsby continued to suffer pain from the hernia and experienced infections. He alleged in his original complaint that each hernia patch kit came loose, eroded, or had holes forming in it, and it would become defective within four months after each surgery. In the original complaint, Bigsby asserted that he suffers great pain and internal bleeding because of malfunctions of the hernia patch kits. To address the discomfort and pain, Bigsby pushes his intestines back into his abdomen when the hernia flares up.

Bigsby filed his original complaint against Davol on January 29, 2016, in the Madison Circuit Court, alleging that Davol's hernia patch kits are defective ([Filing No. 1-2 at 7](#)–10). On February 3, 2016, Davol removed the action to this Court based on diversity jurisdiction ([Filing No. 1](#)), and Davol promptly filed its first motion to dismiss on March 9, 2016 ([Filing No. 20](#)). The Court set an April 27, 2016 deadline for amending pleadings, including adding new parties ([Filing No. 17 at 2](#)). The parties participated in an initial status conference on April 11, 2016, and the Court extended the deadline to file motions to amend the pleadings to May 27, 2016 ([Filing No. 27](#)). On June 1, 2016, Bigsby filed a motion for leave to file a belated motion to amend complaint, explaining that his motion was untimely filed because the jail where he is housed was on lockdown, and he was not given access to a computer to file his motion until after the filing deadline passed ([Filing No. 29](#)). The Court granted Davol's first motion to dismiss and denied Bigsby's motion to file his untimely amended complaint, in part because the Court found the proposed amended complaint to be futile. However, because he is proceeding *pro se,* the Court allowed Bigsby to file a new proposed amended complaint to address the deficiencies specifically noted in the Court's Order ([Filing No. 45](#)).

On December 29, 2016, Bigsby filed an Amended Complaint, asserting a claim that the hernia patch kits sold by Davol, which are "designed to fix a hernia" are in fact defective. ([Filing No. 47 at 2](#)). In his Amended Complaint, Bigsby asserts that the patches come loose and "attach to the internal organs causing infection and serious pain," and Davol failed to warn that the patches would come loose "and cause potential harm." *Id*. at 3. He further states that "the patches are unreasonably dangerous" and become defective within four months. *Id.* Bigsby asserts that, after three surgeries, he noticed that his hernia was coming back, and "he has been in great pain and suffering having to constantly push intestines back into his stomach." *Id.* at 4.

Bigsby contends that an outside surgeon determined that he "is in need of a fourth (4th) hernia surgery to remove and repair the hernia patch that was placed in last surgery." *Id.* He is scheduled to have a fourth surgery. Bigsby has suffered a heart attack and discovered he is diabetic after undergoing the hernia surgeries. Additionally, "[h]is implant from his 2014 hernia surgery defected and infected his intestines," he is left with future medical expenses, he "will most likely have to undergo another hernia surgery," and he "initiates this action under the Indiana Product Liability Act." *Id*. at 4–5.

### III. DISCUSSION

In its Motion to Dismiss, Davol argues that Bigsby has failed to state a claim that meets the federal pleading requirements and that his Amended Complaint contains only unsupported conclusions ([Filing No. 49 at 5](#)). Davol argues that Bigsby's Amended Complaint is "nothing more than a bare set of generic conclusions," with no facts identifying the "alleged warning, design, or manufacturing defect" or "how any alleged defect [] caused Plaintiff's alleged injuries." *Id*. at 5–6. Davol also argues that Bigsby failed to specify which products were defective and that

his "allegations about the product attaching to internal organs and the product's edges are not tied to anything that he alleges happened to him". *Id*. at 6.

Concerning any failure to warn, Davol asserts that Bigsby failed to allege any facts about Davol's warnings for the products, how any warnings were inadequate, and how any such inadequacy caused the unidentified surgeon to use the products. *Id*. at 7.

Davol points to several decisions from the Seventh Circuit as well as from other circuit and district courts that plainly hold conclusory allegations of violations of law do not meet the pleading requirements. Davol also points to two recent decisions where courts have dismissed cases where the plaintiff "alleg[ed] undifferentiated injuries from multiple medical devices," which did not allow for notice regarding what particular product "had any particular defect that produced any particular injury." *Id*. at 8 (citing *Weddle v. Smith & Nephew, Inc.*, 2016 U.S. Dist. LEXIS 48512 (N.D. Ill. Apr. 11, 2016); *Moore v. C.R. Bard, Inc.*, 2016 U.S. Dist. LEXIS 156923 (E.D. Tenn. Nov. 14, 2016)). In *Moore*, the court concluded that the "Plaintiff has not made specific allegations against each defendant or alleged the specific defect or dangerous condition of each product. This lack of specificity is also fatal to his complaint." *Moore*, 2016 U.S. Dist. LEXIS 156923, at *15 (citation omitted). Davol asserts that Bigsby's Amended Complaint suffers from this same deficiency.

While Davol acknowledges that *pro se* plaintiffs' pleadings should be liberally construed, it asserts that the Court clearly explained in its Order on the first motion to dismiss how Bigsby specifically needed to cure the deficiencies in his original complaint, and Bigsby's Amended Complaint fails to adequately address those deficiencies.

Additionally, Davol argues that Bigsby's Amended Complaint fails under the Indiana Product Liability Act, Indiana Code § 34-20-1-1 *et seq.*, because Bigsby did not identify the alleged

defect, how any alleged defect caused injury, or any factually supported allegation that the product reached Bigsby in "the condition it was sold." ([Filing No. 49 at 10](#).) Davol argues that Bigsby failed to support his conclusory statement that the products were "unreasonably dangerous to any user or consumer" or to provide any factual support regarding any inadequacy of any warning. *Id*. at 10–11.

Davol contends that Bigsby's Amended Complaint merely recites the elements of an Indiana Product Liability claim and then repeats the elements in conclusory fashion:

> 1.) The plaintiff was harmed by the product, infection pain and suffering, lifetime of medical treatment and medication.
> 2.) That the ends of hernia patch were defective when sold.
> 3.) Plaintiff was a foreseeable user.
> 4.) That Davol/Bard was and is in the business of selling the hernia patch products used in all of Plaintiff's 3 surgeries.
> 5.) That the Davol/Bard product used in Plaintiff's hernia surgeries reached the plaintiff in the condition it was sold.

([Filing No. 47 at 5](#)–6.) Davol argues that these conclusory recitations of the elements of the claim are not sufficient to survive dismissal.

Davol also asserts that Bigsby's lack of factual support in his Amended Complaint is especially problematic because the Indiana Product Liability Act creates a presumption that a product is not defective if it complies with federal or state regulations, *see* Ind. Code § 34-20-5-1, and the Food and Drug Administration has cleared Davol's hernia patch kits. Thus, the products are presumptively not defective, and Bigsby has failed to meet his burden of pleading a plausible claim of a defect in any of Davol's products.

Considering the plausibility of Bigsby's claim, Davol argues that it is simply implausible that three different products were defective within four months of each surgery and that it is much more plausible that Bigsby did not comply with post-surgery limitations or that something occurred during the surgeries. Furthermore, it is simply implausible that a heart attack and diabetes

7

arose out of defects with the hernia patch kits as Bigsby seems to suggest in his allegations. Davol asserts,

> Common sense informs that surgeries, particularly surgeries to repair abdominal hernias, do not always achieve the desired result, so complaining that multiple surgeries for the same problem occurred over the course of two years does not suggest a defect in the products used in those surgeries. Rather, the plausible interpretation is Plaintiff's hernias have been difficult to repair because of something about him.

([Filing No. 49 at 13](#)–14).

Finally, Davol argues that Bigsby's Amended Complaint should be dismissed because it fails to comply with Rule 8 and with the Court's Order on the first motion to dismiss. In that Order, the Court plainly and specifically explained the deficiencies in the original complaint and directed Bigsby to file an amendment that would cure the shortcomings of the first complaint. Davol asserts that, even with the Court's plain direction, Bigsby failed to provide factual support for his conclusory statements in the Amended Complaint. In addition, Bigsby did not file a response brief in opposition to Davol's Motion to Dismiss his Amended Complaint.

After a careful review of the Amended Complaint, the Court determines that Bigsby has failed to assert with sufficient factual support a specific cause of action against Davol. Rule 8(a)(2), *Twombly*, *Iqbal*, and numerous other cases require a short and plain statement of the claim showing that the pleader is entitled to relief—a right to relief that rises above the speculative level and that is plausible on its face. This requires more than mere labels, conclusions, or recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555; *Bissessur*, 581 F.3d at 603. What is more, the Court specifically pointed out the shortcomings in the original complaint and directed Bigsby to fill those gaps when he filed his Amended Complaint. However, he failed to do so.

Instead, Bigsby again asserted only legal conclusions and unsupported conclusions of fact. Bigsby alleged in his Amended Complaint that the patches come loose, attach to internal organs,

8

and lead to infection and serious pain ([Filing No. 47 at 3](Filing No. 47 at 3)). He alleged that the patches became defective within four months of surgery and that Davol failed to give any warnings that the patches would become defective and cause harm. *Id*. Bigsby further alleged that an outside surgeon determined that he is in need of a fourth surgery to replace the patch from the previous surgery, and that since the hernia surgeries, he has had a massive heart attack and has become a type 2 diabetic. *Id*. at 4. However, Bigsby fails to allege factual support for any of these conclusory claims. He simply provides a threadbare recitation of the elements of an Indiana Product Liability claim. The Court cannot reasonably infer that Davol is liable for any of the "misconduct" alleged. Additionally, Bigsby's allegations do not give Davol fair notice of what the claim is and the grounds upon which it rests.

Davol pointed out that "[o]rdinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend. But if the plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice." *Michaelis v. Neb. State Bar Asso.*, 717 F.2d 437, 438–39 (8th Cir. 1983) (citation omitted). As the Court noted above, "dismissal may be with prejudice under Rule 41(b), which covers failure of the plaintiff to prosecute or to comply with these rules or any order of court." *O'Rourke Bros.*, 201 F.3d at 953. Because Bigsby has failed to follow the Court's Order regarding sufficiently pleading a claim against Davol and has had multiple opportunities to comply with Rule 8's requirements, dismissal with prejudice is appropriate. Furthermore, the Seventh Circuit has noted that "dismissal under Rule 12(b)(6) . . . is a dismissal with prejudice." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015).

## IV. CONCLUSION

For the foregoing reasons, Davol's Motion to Dismiss (Filing No. 48) is **GRANTED**, and Bigsby's Amended Complaint is **dismissed with prejudice**. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 6/8/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Nick C. Bigsby, #915268
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana 46064